# In the United States Court of Federal Claims

No. 22-221
Filed: March 7, 2022

|  |
|---|
| **KATHARINE J. THOMPSON,**<br><br>              *Plaintiff*,<br><br>v.<br><br>**THE UNITED STATES,**<br><br>              *Defendant.* |

### ORDER

Plaintiff Katharine Thompson, proceeding pro se, is incarcerated at the Geneva County Correctional Facility in Alabama. (Compl. Ex. 2, ECF No. 1-2; Mot. for IFP, ECF No. 2). Citing 28 U.S.C. § 1915, Ms. Thompson moves for leave to proceed *in forma pauperis*. (Mot. for IFP). That motion is **GRANTED**.

Reading Ms. Thompson's Complaint carefully and with the leniency due pro se litigants, it is difficult to understand the relief Ms. Thompson seeks from this Court. Ms. Thompson alleges that an unspecified party is withholding information pertaining to her. (Compl. at 1). She lists several other purported legal actions between private parties and alleges that the United States failed to include her in one of those actions or allow her to testify. (*Id*. at 2). She also appears to seek relief under Federal Rule of Appellate Procedure Rule 40(b). (*Id*. at 3).

Ms. Thompson fails to establish this Court's jurisdiction to grant her relief and, therefore, her Complaint must be dismissed. Whether a court has jurisdiction is a threshold matter in every case. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998). Although a pro se plaintiff's pleadings are generally held to "less stringent standards" than those of a professional lawyer, the Court's leniency does not extend to jurisdictional issues. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987). The United States Court of Federal Claims only possesses jurisdiction over alleged violations that mandate payment of money damages by the Federal Government.

The Tucker Act, the primary statute setting the Court's jurisdiction, limits the Court's jurisdiction to claims (1) founded on an express or implied contract with the United States; (2) seeking a refund for a payment made to the government; and (3) arising from federal constitutional, statutory, or regulatory law mandating payment of money damages by the United States government. 28 U.S.C. § 1491(a)(1). The Court lacks jurisdiction to review criminal decisions, state court actions, or direct action by state agencies. *Lawton v. United States*, 621 F. App'x 671, 3 (Fed. Cir. 2015). To the extent Ms. Thompson's Complaint asks the Court to review a state court decision or direct action of Alabama state officials, the Court lacks

jurisdiction over those claims, and they must be dismissed. RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

A pro se plaintiff's complaint may not neatly fall into one of the categories over which the Court has jurisdiction, and the Court may excuse ambiguities in favor of liberal claim construction, but there is "no duty on the part of the trial court to create a claim which [the plaintiff] has not spelled out in his pleading." *Lengen v. United States*, 100 Fed. Cl. 317, 328 (2011); *Colbert v. United States*, 617 F. App'x 981, 983 (Fed. Cir. 2015). A pro se plaintiff still bears the responsibility to establish the Court's jurisdiction by pleading claims which fall within the scope of the Tucker Act. *McNutt v. Gen. Motors Acceptance Corp. of Ind.,* 298 U.S. 178, 189 (1936) (finding that pro se status does not relieve plaintiffs of the obligation to demonstrate jurisdiction by a preponderance of the evidence). The only proper defendant in the is the United States. *May Co. v. United States*, 38 Fed. Cl. 414, 416 (1997). It does not suffice that a plaintiff's complaint names the United States as the defendant pursuant to RCFC 10(a); the allegations in the Complaint must also directly implicate the Federal Government. *Id.*

Although Ms. Thompson names the United States as a defendant, nothing in Ms. Thompson's Complaint can be fairly construed as raising a cause of action against the United States, let alone one that would fall within this Court's money-mandating jurisdiction. And although Ms. Thompson's Complaint cites to the Federal Rules of Appellate Procedure, those rules govern federal courts of appeals, not this Court. Fed. R. App. Proc. 1(a)(1). The Court of Federal Claims follows its own rules. RCFC 1.

Even construing her Complaint liberally, the Court finds that it lacks subject matter jurisdiction over Ms. Thompson's claims. Therefore, pursuant to RCFC 12(h)(3), Ms. Thompson's Complaint is **DISMISSED** for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

*David A. Tapp*
DAVID A. TAPP, Judge